**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALBERT CALLEJA,  )<br>           Plaintiff,  )<br>     v.  )<br>  )<br>BANK OF AMERICA CORPORATION, et )<br>al.,  )<br>           Defendants.  )<br>_____ | 3:11-cv-439-RCJ-RAM<br><br>**ORDER** |

Currently before the Court is Plaintiff Albert Calleja's Ex Parte Motion for TRO and Order to Show Cause re Preliminary Injunction (#7).

**BACKGROUND**

On June 21, 2011, Defendants Bank of America Corporation, Bank of America, N.A., BAC Home Loans Servicing, LP, and Recontrust Company, N.A. (collectively "BAC Defendants") filed a petition for removal to this Court and attached Plaintiff Albert Calleja's 27-page complaint. (Pet. for Removal (#1) at 1, 8). In addition to suing the BAC Defendants, Plaintiff also named Joseph Kammann, a Nevada resident, as a defendant. (*Id.* at 8, 10). Kammann purchased the property at issue at a foreclosure sale. (*Id.* at 10).

Plaintiff's complaint alleged the following. On July 1, 2008, Bank of America purchased Countrywide Financial Corporation. (*Id.* at 9). The Mortgage Electronic Registration Systems, Inc. ("MERS") was named as the beneficiary on the deed of trust for the property located at 41 Sandlering Court, Sparks, NV 89441. (*Id.*). In July 2010, Plaintiff retained iModification, LLC, a modification firm, to assist him with the modification of his loan with Bank of America and Bank of America acknowledged that representation. (*Id.* at 10). On November 2, 2010,

1 during the modification process, Bank of America caused a notice of default to be recorded. (*Id.*). Bank of America did not comply with NRS § 107.086 because Bank of America did not mail him a form giving him an election to opt into Nevada's foreclosure mediation program. (*Id.*). Bank of America told Plaintiff that he did not have to worry about the notice of default because it would not foreclose on him while he was in the process of modifying his loan. (*Id.*). On December 8, 2010, Bank of America notified Plaintiff that it had received his modification package and would give him a response within 30 days. (*Id.*). Bank of America did not respond within that time period and, instead, on February 16, 2011, Bank of America recorded a notice of trustee's sale and set it for March 7, 2011. (*Id.*). Bank of America told Plaintiff that it would not foreclose on his house while he was in the modification process. (*Id.*). On March 16, 2011, Bank of America told Plaintiff that he did not qualify for the Home Affordable Mortgage Program ("HAMP") and gave him 30 days to appeal its decision. (*Id.* at 11). Plaintiff appealed. (*Id.*). While the decision was on appeal, Bank of America reset the trustee's sale for May 24, 2011, while telling Plaintiff that it would reconsider him for a modification and asked him to resubmit the same documentation. (*Id.*). Bank of America breached its promise by foreclosing on his house on May 24, 2011. (*Id.*). When Plaintiff contacted Bank of America they told him the foreclosure was a mistake and that it would rescind the sale. (*Id.*). Several days later, Bank of America told Plaintiff that it was too late and that it would not rescind the sale. (*Id.*).

Plaintiff alleged that, not only did the foreclosure sale violate NRS § 107.086, but there was also a statutory defect in the foreclosure. (*Id.*). Plaintiff alleged that CTC Real Estate Services was the trustee on the deed of trust and that MERS was the beneficiary. (*Id.*). Although Recontrust had initiated the foreclosure, there was no recorded document stating that MERS had substituted Recontrust in place of CTC Real Estate Services. (*Id.*).

Plaintiff alleged nine causes of action including: (1) injunctive relief because Defendants violated the foreclosure act; (2) declaratory relief that deeds of trusts with MERS in the chain of title are not enforceable; (3) slander of title; (4) fraud; (5) set aside foreclosure sale/quiet title; (6) tortuous breach of the implied duty of good faith and fair dealing; (7) breach of

contract and the covenant of good faith and fair dealing; (8) promissory estoppel; and (9) violation of Nevada's Deceptive Trade Practices Act. (*Id.* at 25-32).

In his motion for a temporary restraining order ("TRO"), Plaintiff alleges that the successor-in-interest, Defendant Joseph Kammann, has begun unlawful detainer action proceedings. (Ex Parte Application (#7) at 2). On June 8, 2011, Plaintiff filed his complaint and an ex parte application for a TRO in the Second Judicial District Court. (*Id.*). On June 9, 2011, the state district court issued a TRO and set the preliminary injunction hearing for June 22, 2011. (*Id.*). On June 21, 2011, BAC Defendants removed this action to federal court. (*Id.*). The TRO expired on June 24, 2011. (*Id.*).

On June 27, 2011, Kammann's attorney filed a notice of appearance and a certificate of interested persons. (Docket Entry (#9-10)). On June 28, 2011, Plaintiff and BAC Defendants filed a stipulation that the ex parte application for TRO only applied to Defendant Kammann because BAC Defendants were not involved in the eviction proceedings. (Stip. (#12)).

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 65(b), a court may issue a TRO without written or oral notice to the adverse party or its attorney only if: (a) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1)(A)-(B).

**DISCUSSION**

In his ex parte application for a TRO, Plaintiff seeks a TRO enjoining Defendant Kammann from evicting Plaintiff from his residence at 41 Sanderling Court. (Ex Parte Application (#7) at 1). Plaintiff reiterates several facts from his complaint including the fact that Recontrust instituted the foreclosure although it had not been substituted as a trustee. (*Id.* at 5).

3

In this case, the complaint demonstrates that Plaintiff will suffer immediate and irreparable injury if he is evicted from his home that appears to have been a statutorily defective foreclosure under NRS § 107.080. As such, the Court grants Plaintiff's motion for a TRO restraining and enjoining Defendants from evicting Plaintiff from his residence at 41 Sanderling Court, Sparks, Nevada 89441.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Ex Parte Application for TRO and Order to Show Cause re Preliminary Injunction (#7) is GRANTED.

The hearing for a preliminary injunction is set for Wednesday, July 6, 2011 at 1:30 PM in Reno Courtroom 6, before Chief Judge Robert C. Jones.

IT IS FURTHER ORDERED that Albert Calleja Plaintiff, shall serve Defendants with a copy of this Order and Notice of the Hearing by 5:00 PM Friday, July 1, 2011.

IT IS FURTHER ORDERED that Defendants shall filed a response to Plaintiff's Ex Parte Application for TRO and Order to Show Cause re Preliminary Injunction (#7) on or before 5:00 PM Tuesday, July 5, 2011.

The temporary restraining order issued herein will be effective up to and including Wednesday, July 6, 2011, unless within such time the order is extended for good cause shown, or unless Defendants consent to an extension.

IT IS SO ORDERED.

DATED: This 1st day of July, 2011.

_____
ROBERT C. JONES
Chief Judge