**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALBERT CALLEJA, | ) |
|    Plaintiff, | ) |
|    v. | ) 3:11-cv-439-RCJ-RAM |
| BANK OF AMERICA CORPORATION, et al., | ) **ORDER** |
|    Defendants. | ) |

Currently before the Court are Plaintiff's Motion for a Preliminary Injunction (#7) and Motion to Remand to State Court (#8). The Court heard oral argument on July 19, 2011.

## BACKGROUND

On June 21, 2011, Defendants Bank of America Corporation, Bank of America, N.A., BAC Home Loans Servicing, LP, and Recontrust Company, N.A. (collectively "BAC Defendants") filed a petition for removal to this Court and attached Plaintiff's 27-page complaint. (Pet. for Removal (#1) at 1, 8). In addition to suing the BAC Defendants, Plaintiff also named Joseph Kammann, a Nevada resident, as a defendant. (*Id.* at 8, 10). Kammann purchased the property at issue at a foreclosure sale. (*Id.* at 10).

Plaintiff's complaint alleged the following. On July 1, 2008, Bank of America purchased Countrywide Financial Corporation. (*Id.* at 9). The Mortgage Electronic Registration Systems, Inc. ("MERS") was named as the beneficiary on the deed of trust for the property located at 41 Sandlering Court, Sparks, NV 89441. (*Id.*). In July 2010, Plaintiff retained iModification, LLC, a modification firm, to assist him with the modification of his loan with Bank of America and Bank of America acknowledged that representation. (*Id.* at 10). On November 2, 2010,

during the modification process, Bank of America caused a notice of default to be recorded. (*Id.*). Bank of America did not comply with NRS § 107.086 because Bank of America did not mail him a form giving him an election to opt into Nevada's foreclosure mediation program. (*Id.*). Bank of America told Plaintiff that he did not have to worry about the notice of default because it would not foreclose on him while he was in the process of modifying his loan. (*Id.*). On December 8, 2010, Bank of America notified Plaintiff that it had received his modification package and would give him a response within 30 days. (*Id.*). Bank of America did not respond within that time period and, instead, on February 16, 2011, Bank of America recorded a notice of trustee's sale and set it for March 7, 2011. (*Id.*). Bank of America told Plaintiff that it would not foreclose on his house while he was in the modification process. (*Id.*). On March 16, 2011, Bank of America told Plaintiff that he did not qualify for the Home Affordable Mortgage Program ("HAMP") and gave him 30 days to appeal its decision. (*Id.* at 11). Plaintiff appealed. (*Id.*). While the decision was on appeal, Bank of America reset the trustee's sale for May 24, 2011, while telling Plaintiff that it would reconsider him for a modification and asked him to resubmit the same documentation. (*Id.*). Bank of America breached its promise by foreclosing on his house on May 24, 2011. (*Id.*). When Plaintiff contacted Bank of America they told him the foreclosure was a mistake and that it would rescind the sale. (*Id.*). Several days later, Bank of America told Plaintiff that it was too late and that it would not rescind the sale. (*Id.*).

Plaintiff alleged nine causes of action including: (1) injunctive relief because Defendants violated the foreclosure act; (2) declaratory relief that deeds of trusts with MERS in the chain of title are not enforceable; (3) slander of title; (4) fraud; (5) set aside foreclosure sale/quiet title; (6) tortuous breach of the implied duty of good faith and fair dealing; (7) breach of contract and the covenant of good faith and fair dealing; (8) promissory estoppel; and (9) violation of Nevada's Deceptive Trade Practices Act. (*Id.* at 25-32).

## LEGAL STANDARD

Federal Rule of Civil Procedure 65(a) allows a court to issue a preliminary injunction on notice to an adverse party. The Ninth Circuit employs two sets of criteria for evaluating a

request for preliminary injunctive relief. Under the "traditional test," the movant must establish: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir.2005) (citation omitted). As to the second element, the Supreme Court recently clarified that a plaintiff seeking an injunction must demonstrate that irreparable harm is likely, not just possible. *Winter v. NRDC, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 375-76,172 L.Ed.2d 249 (2008). Under the "alternative test," the plaintiff can meet its burden by showing "either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *Beardslee*, 395 F.3d at 1067 (citation and internal quotation marks omitted). "These two alternatives represent 'extremes of a single continuum,' rather than two separate tests." *Id*. (citations omitted).

**DISCUSSION**

**I.      Motion for Preliminary Injunction (#7)**

In response to this Court's oral order that Plaintiff supplement his motion for preliminary injunction with affidavits from iModification, Plaintiff submitted the affidavit of Lauro Aranda, the iModification agent/resolutions officer authorized to assist Plaintiff in his loan modification with BAC Defendants. (Aranda Decl. (#33) at 1-2). Aranda's declaration and accompanying exhibits demonstrate that, on May 19, 2011, a BAC representative from the Office of the CEO and President advised Aranda that she would assign a negotiator to Plaintiff's case and postpone the foreclosure sale date. (*Id.* at 6). On May 20, 2011, Aranda spoke to another BAC representative in the Office of the CEO and President who advised him that a Jeffrey Murkel had been assigned as the negotiator for the postponement. (*Id.*). On May 24, 2011, another BAC representative in the Office of the CEO and President told Aranda that a Marisol Parra had been assigned as the negotiator for the postponement. (*Id.*). On May 26, 2011, Aranda spoke to Dan Abila, a BAC representative in the Office of the CEO and President, who told Aranda that BAC was resciding the sale because of a mistake on BAC's end. (*Id.*). Abila

stated that Parra had neglected to postpone the sale date and misinformed everyone that she did postpone the foreclosure sale. (*Id.*). On May 26, 2011, Abila told Aranda that he would rescind the sale and that he was taking over the file. (*Id.*). On June 1, 2011, Abila stated that he would not be rescinding the sale because there was a "missing item letter" in Calleja's file. (*Id.*; Abila Emails (#33-1) at 3). In Aranda's email to Abila, Aranda notes that Calleja received the documents on the day his house was sold. (Abila Emails (#33-1) at 2). Abila responded that the Office of the CEO and President considered the "matter closed" and that Calleja would have to take it to litigation. (*Id.*).

Calleja's declaration demonstrates that on May 23, 2011, BAC wrote Calleja a letter informing him that it would reconsider him for a loan modification but that he needed to submit more documentation and had to fax the documents to BAC by May 24, 2011. (BAC Letter (#35-3) at 2). The Fed Ex package slip demonstrates that Calleja received the letter on May 24, 2011, the day BAC foreclosed on his home. (*Id.* at 9).

In this case, Calleja demonstrates a strong likelihood of success on his promissory estoppel claim. To establish promissory estoppel four elements must exist: "(1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped." *Pink v. Busch*, 691 P.2d 456, 459 (Nev. 1984). Here, a BAC representative knew that she had not postponed the foreclosure sale but informed others, including Calleja, that she had. Calleja believed that the foreclosure sale scheduled for May 24, 2011, had been postponed based on BAC's representations. Calleja did not know that the BAC representative had not postponed the foreclosure sale. Calleja relied on BAC's representation to his detriment because BAC foreclosed on his house on the day he was attempting to re-file loan modification documents at BAC's request. If preliminary relief is not granted, Calleja will suffer irreparable injury because he will be dispossessed of his home. Additionally, the balance of hardships do favor Calleja because the BAC Defendants told Calleja that they were postponing the foreclosure

4

sale in order for him to re-file the loan modification documents. However, before Calleja could re-file those documents, BAC Defendants sold his home. As such, the Court grants Calleja's motion for a preliminary injunction (#7). As directed by the Court at oral argument, Mr. Pankopf is ordered to draft a preliminary injunction order.

## II.     Motion to Remand (#8)

In its petition for removal, BAC Defendants alleged that this Court had diversity jurisdiction because Defendant Joseph Kammann was fraudulently joined to defeat diversity jurisdiction. (Pet. for Removal (#1) at 4-5).

In its motion to remand, Plaintiff argues that Defendant Kammann is domiciled in Reno, Nevada, and is a necessary party to this action because he is the successor-in-interest to the property that was illegally foreclosed upon. (Mot. to Remand (#8) at 2). Additionally, Defendant Kammann has initiated eviction proceedings. (*Id.*).

The Court agrees with Plaintiff and finds that Defendant Kammann is a necessary party to this action because he is the successor-in-interest to the property at issue. As such, the Court grants the motion to remand (#8) back to state court for lack of diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Preliminary Injunction (#7) is GRANTED.

IT IS FURTHER ORDERED that Mr. Pankopf will draft a preliminary injunction order.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand (#8) is GRANTED.

DATED: This   25th   day of July, 2011.

_____
United States District Judge